IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN MASSUNG | ) | No. 2:23 – CV-01966 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NAVIENT CORPORATION | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AMENDED COMPLAINT</u>**

AND NOW, comes the Plaintiff, Glenn Massung, by and through his counsel, James L. Welsh, III, Esquire and The Welsh Law Group LLC and files the within Amended Complaint, of which the following is a statement:

1. Plaintiff, Glenn Massung, is an adult individual who resides at 116 Massung Lane, Trafford, PA 15085, Westmoreland County.

2. Defendant, Navient Corporation is a corporation with a Pennsylvania address located at PO Box 9640 Wilkes Barre Pennsylvania 18733.

3. At all times material hereto, Defendant was authorized and/or conducts business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Plaintiff is and was a consumer under the Fair Credit Extension. Uniformity Act, 73 Pa. C.S. 2270.3, et seq.

5. At all times material hereto, Defendant is and was a creditor under the FCEUA.

6. Defendant claims to be a loan service provider, but is actually a debt collector for itself and third parties namely its predecessor, Sallie Mae and the Federal Government. Defendant, if not explicitly, then implicitly, acts as a debt collector by attempting to collect loan

repayment obligations from alleged co-signors along with usurious rates of interest as listed on Exhibit "3" of to Plaintiff's Complaint.

7. On or about August 24, 2004, Nicole Massung apparently applied for a signature Student loan with Defendant/Sallie Mae in the amount of $8,000.00.

8. The Application and Promissory Note (attached hereto as Exhibit 1 within does not contain the signature of borrower but appears to allegedly contain the signature co-borrower Plaintiff Glenn Massung.

9. Attached hereto as Exhibit "2" is the notarized affidavit of Plaintiff Glenn Massung which indicates that the information provided on the application nor his signature were authorized or written by Plaintiff Glenn Massung.

10. On multiple occasions, Plaintiff has attempted to explain this forgery to Defendant. Said attempts have fallen on deaf ears and Defendant has refused to rectify Plaintiff's credit score. Plaintiff has suffered ascertainable losses in the form of lost business opportunities due to his wrongfully damaged credit score, as well as loans charging high rates of interest due to his wrongfully damaged credit scores. Said damages are in the process of being calculated for the exact ascertainable amount.

11. Defendant has ignored Plaintiff's request and has continued to send collection letters and has listed this delinquent debt on Plaintiffs credit history which has had a significant impact on Plaintiff's ability to conduct his business resulting in substantial lost income and damages as a result of his negatively affected credit score. Plaintiff has had to pay higher interest rates on loans and equipment for his business and has had to forego purchasing additional equipment and other businesses because of his low credit score which is directly and solely attributable to Defendant's actions/inactions.

12. Attached hereto as Exhibit "3" is a billing summary sent by Defendant to Plaintiff which reports an approved loan amount of $8,000 with a current unpaid principal amount of $17,790.93 unpaid interest and fees of $7,975.02 for a current balance of $25,765.95 as of 01/08/23.

13. Defendant has been asked on multiple occasions to remove this negative rating from Plaintiffs credit score and has refused.

14. Defendant has been provided an affidavit from Plaintiff outlining the apparent forgery of Plaintiffs name but refuses to acknowledge same to Plaintiffs great detriment.

15. This negative credit rating has significantly impacted Plaintiffs borrowing power which as caused him significant hardship in his business.

16. Defendant's actions of refusing to acknowledge the sworn representation by Plaintiff that his signature was forged home significantly damaged Plaintiffs borrowing power which has negatively impacted his business reputation and ability to obtain financing.

17. Defendant violated the FCEUA in the following manner:

   (a)   Attempting to collect a debt against a party not a signator to the obligation;

   (b)   In continuing to attempt to collect a debt against a party not a signator to the obligation once Defendant knew or in this exercise of reasonable diligence should have know that Plaintiff's signature had been forged.

   (c)   In failing to conduct an investigation into the actual borrower

   (d)   In failure to acknowledge that Defendant's signature was forged

   (e)   In violating the law by increasing the principal on an $8,000.00 loan to $17,790.93 as of 1/08/23;

(f)     In otherwise violating the FCEUA in attempting to collect a debt against a non signator.

WHEREFORE, Plaintiff is entitled to an award of damages against Defendant, liable damages attorney's fees and interest for it violation of the FCEUA.

## COUNT I - VIOLATION OF FAIR DEBT
### Collection Practices Act

18. Each of the preceding paragraphs are hereby incorporated by reference.

19. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices.

20. Attempts to collect against Plaintiff, by either mail or telephone, were "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2) and 1692a(5) of the FDCPA.

21. FDCPA §1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

22. FDCPA 1692e(2)(a) prohibit the false representation of the character, amount or legal status of any debt.

23. Under the FDCPA, Defendant, although claiming to be a loan service provider, is a debt collector for itself and for third parties, namely its predecessor Sallie Mae and the federal government.

24. The Navient Loan Information sheet is clearly deceptive, misleading and false. On an $8,000.00 loan, Defendant shows Plaintiff owes $17,790.93 in unpaid principal and unpaid interest and unpaid fees at $7,975.02. Said amounts are clearly wrong, misleading and false. (See Exhibit "3").

25. In addition, Defendant refused to repair Plaintiff's credit score after being informed that his signature of a loan was a clear forgery.

26. Defendant's practice of adding interest and penalties to the principal loan amount is clearly deceptive, false and misleading.

27. As the result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for actual statutory damages, interest, costs and attorney fees.

### COUNT II - VIOLATION OF UNFAIR TRADE PRACTICES AND CONUMER PROTECTION LAW (UTPCPL)

28. Each of the preceding paragraphs are hereby incorporated by reference.

29. Plaintiff also brings this action under the UTPCPL's catchall provision for fraudulent or deceptive actions on behalf of Defendant which creates a likelihood of confusion or of misunderstanding.

30. In this case, Plaintiff has made multiple attempts to advise Defendant, both orally and in writing, that his name was forged or a loan document.

31. Despite multiple attempts, Defendant continued to represent that Defendant now owes almost $18,000.00 in unpaid principal on an $8,000.00 loan. Said representations have been reviewed and relied upon by third parties to Plaintiff's detriment.

32. Defendant's actions of damaging Plaintiff's credit score, and failing to remedy his credit score after it was known or knowable, was deceptive and Defendant knew it would impact Plaintiff's ability to obtain favorable small business loans. Defendant knew or should have known that others would rely on the false and misleading information and Plaintiff's credit score.

33. Plaintiff suffered an ascertainable loss in the form of lost business opportunities due to a damaged credit score, higher interest rates and other losses which are being calculated.

WHEREFORE, Plaintiff demands judgment against Defendant for treble damages plus counsel fees.

### COUNT III - DEFAMATION

34. Each of the preceding paragraphs are hereby incorporated by reference.

35. Plaintiff is an upstanding small business owner in Westmoreland County. He has been a successful, self-employed person with a reputation well known in his community.

36. Defendant's actions of reporting his alleged unpaid debt on a loan he did not co-sign for or authorize to third persons has harmed the reputation of Plaintiff and lowered him in the estimation of the community and deterred third persons (bank and lending institutions) from associating or dealing with him.

37. Defendant's actions of failing to remedy his tarnished credit score when Defendant knew or in the exercise of reasonable diligence that Plaintiff did not sign or co-sign for a loan, severely tarnished his reputation as a responsible business person and deterred lenders from conducting business with Plaintiff.

38. Plaintiff believes and therefore avers that Defendant's actions were intentional to force Plaintiff to pay a loan for which he was not responsible. Plaintiff provided Defendant with ample opportunity to rectify his credit score and Defendant ignored said requests.

39. After providing Defendant with both affidavits and multiple oral communications, Defendant knew or in the exercise of reasonable diligence would have known that continued inaction for Plaintiff's credit score and report were false and misleading.

40. Plaintiff contends the action of damaging his credit score, failing to repair his credit score once it became known or knowable, constitutes defamation per se and Plaintiff's damages are presumed.

WHEREFORE, Plaintiff demands judgment against Defendant for treble damages plus counsel fees.

Respectfully submitted,

The Welsh Law Group, LLC

_____
James L. Welsh, III, Esquire
PA I.D. #58790
Attorney for Plaintiffs

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Plaintiffs

_____
James L. Welsh, III, Esquire
Attorney I.D. #58790

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN MASSUNG ) | No. 2:23 – CV-01966 |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| NAVIENT CORPORATION ) | |
| ) | |
| Defendant. | |

## ATTORNEY VERIFICATION

I, James L. Welsh, III, Esquire, certify that I am authorized to make this Verification and I have read the foregoing Amended Complaint and verify that the statements therein are correct to the best of my personal knowledge, information and belief.

This Verification is made subject to the penalties of 18 Pa. C.S.S. §4904, relating to unsworn falsification to authorities, which provides that if I make knowingly false statements I may be subject to criminal penalties.

_____1/15/24_____
Date

_____[signature]_____
James L. Welsh, III, Esquire