IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

GLENN MASSUNG,                    )
                                  )
                                  )            2:23-CV-01966-MJH
            Plaintiff,            )
                                  )
      vs.                         )
                                  )
NAVIENT CORPORATION,              )
                                  )

            Defendant,


OPINION

Plaintiff, Glenn Massung, brings the within action against Defendant, Navient

Corporation, for alleged violations of the Fair Debt Collection Practices Act (FDCPA) (Count I),

the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) (Count II),

and Defamation (Count III). (ECF No. 9).  Navient moves for dismissal pursuant to Fed. R. Civ.

P. 12(b)(6).  (ECF No. 11).  The matter is now ripe for disposition.

Upon consideration of Mr. Massung's Second Amended Complaint (ECF No. 9),

Navient's Motion to Dismiss and Brief in Support (ECF Nos. 11 and 12)[1], and for the following

reasons, Navient's Motion to Dismiss, as regards the Count I FDCPA claim, will be granted.   As

---

[1]On January 29, 2024, Navient filed and electronically served its Motion to Dismiss.  Per this
Court's Standing Order (ECF No. 8), responses to motions to dismiss are to be filed 21 days
from the date of service of the motion.   Accordingly, Mr. Massung's response was due on
February 19, 2024.  To date, Mr. Massung has not file a brief in opposition to Navient's Motion;
however, consistent with the Third Circuit's holding in *Stackhouse v. Mazurkiewicz*, 951 F.2d
29, 30 (3d Cir.1991), this Court will undergo a merits analysis rather than dismiss Mr.
Massung's claim as uncontested.

regards the remaining state law claims, Counts II and III, the Court will decline supplemental jurisdiction and remand those claims to the Westmoreland County Court of Common Pleas.

     I.     Background

     Mr. Massung avers that Nicole Massung applied for a student loan from Navient Corp. in the amount of $8,000 (the "Loan"). (ECF No. 9 at ¶ 7.) The Application and Promissory Note (the "Note") for the Loan lists the "Student Applicant" as Nicole Massung and the "Co-borrower" as Glenn Massung. (ECF No. 9-1). Mr. Massung alleges that his signature on the Note is a forgery and denies any obligation under the Loan. (ECF No. 9 at ¶¶ 8, 10). Mr. Massung avers that Navient sent him collections letters and has "listed this delinquent debt on his credit history." *Id*. at ¶ 11. Mr. Massung further alleges that Navient sent him a billing summary "which reports an approved loan amount of $8,000 with a current unpaid principal amount of $17,790.93 unpaid interest and fees of $7,975.02 for a current balance of $25,765.95 as of 01/08/23." *Id*. ¶ 12 and ECF No. 9-3. Mr. Massung avers that Navient's billing summary is deceptive, misleading, and false. (ECF No. 9 at ¶ 24).

     For these allegations, Mr. Massung asserts claims under Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), because a) the amounts claimed to be owed to Navient are wrong; and b) Navient "refused to repair his credit score after being informed his signature was a clear forgery." *Id*. at ¶¶ 24-25. Mr. Massung also asserts that Navient violated the UTPCPL and defamed him as result of credit reporting that shows the account belongs to him and is in a past due status. *Id*. at ¶¶ 17, 31- 32, 36-37.

     In its Motion to Dismiss, Navient argues that Mr. Massung does not allege any facts suggesting that Navient Corp. is a debt collector subject to the FDCPA. Further, Navient contends Mr. Massung's credit reporting claims for defamation and violation of the UTPCPL are

preempted and barred by the Fair Credit Reporting Act (FCRA). Finally, Navient maintains that Mr. Massung fails to allege an ascertainable loss because Mr. Massung does not claim that he paid an excessive balance, nor does he plead any deceptive conduct actionable under the UTPCPL.

II.      Relevant Standard

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa.

June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016)

("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it

must still . . . assume all remaining factual allegations to be true, construe those truths in the light

most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing

*Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal

conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132

F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not

whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer

evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d

Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with

needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment

unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co.

v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further,

amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair

prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is

futile "where an amended complaint 'would fail to state a claim upon which relief could be

granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015)

(quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.    Discussion

**A.  FDCPA Claim-Count I**

4

Navient argues that Mr. Massung cannot state a viable claim under the FDCPA because the statute does not apply to Navient based upon Mr. Massung's allegations in the Second Amended Complaint.  Specifically, Navient maintains that the FDCPA only applies to "debt collectors," and not creditors, like Navient, who are collecting their own debts.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Third Circuit has recognized that the FDCPA does not apply to creditors seeking to collect their own debts. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d. Cir. 2000). "Creditors – as opposed to 'debt collectors' – generally are not subject to the FDCPA." *Id. See also O'Connor v. First Alliance Home Mortg.*, 2012 WL 762351 at *3 (D.N.J. Mar. 6, 2012) (dismissing FDCPA claim against originating creditor); *Levy-Tatum v. Navient and Sallie Mae Bank*, 2016 WL 75231, at *7 (E.D. Pa. January 7, 2016) (dismissing the plaintiff's complaint which failed to include any factual assertions to establish that NSL is a debt collector under the FDCPA).

Based upon these principles, student loan servicers, like Navient, have been excluded as "debt collector" under the FDCPA. *See LevyTatum*, 2016 WL 75231, at *7; *see also Spyer v. Navient Sols., Inc.*, No. 15-3814 (NLH/JS), 2016 WL 1046789, at *3 (D.N.J. Mar. 15, 2016), reconsideration denied, No. 15-3814 (NLH/JS), 2016 WL 5852849 (D.N.J. Oct. 4, 2016) (holding that NSL is not a debt collector because it commenced servicing before the loan's default); *see also Haysbert v. Navient Sols., Inc.*, No. CV 15-4144 PSG (EX), 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016) (explaining that numerous courts have found that student loan servicers that begin servicing before a loan goes into default are not debt collectors under 7 the

FDCPA) (citing *Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004)); *Caione v. Navient Corp.*, No. CV 16-0806, 2016 WL 4432687, at *5 (D.N.J. Aug. 18, 2016) ("Navient began servicing the loans prior to any default. Plaintiff has failed to allege any facts to support an allegation that Navient was a debt collector and the facts that are alleged suggest otherwise."); *Marek v. Navient Corp.*, No. 2017 WL 2881606, at *5 (N.D. Ohio July 6, 2017) (finding Navient Solutions, LLC was not a "debt collector" within the meaning of the FDCPA and dismissing complaint per Rule 12(b)(6) with prejudice); *Valletta v. Navient Corp.*, 2017 WL 1437563, at *3 (D. Ariz. Apr. 24, 2017) (finding Navient Solutions, LLC not a FDCPA debt collector as a matter of law).

Here, Mr. Massung's Amended Complaint does not contain any allegation to support that Navient is a "debt collector" under the FDCPA.  Indeed, the Amended Complaint specifically avers that Navient is a "creditor."  (ECF No. 9 at ¶ 5-6).  Further, the Amended Complaint belies that anyone, other than Navient or its predecessors, was owed the subject loan repayment obligations.  Therefore, the Amended Complaint does not aver sufficient allegations to support that the FDCPA would apply to Navient in this case.

Accordingly, Navient's Motion to Dismiss, as regard Mr. Massung's FDCPA claim, will be granted.  Because it is clear from Mr. Massung's allegations that Navient is not subject to the FDCPA, any amendment to Mr. Massung's FDCPA claim will be deemed futile.

**B.  UTPCPL and Defamation Claims (Counts II and III)**

Pursuant to 28 U.S.C. § 1331, Navient removed this action from Court of Common Pleas of Westmoreland County based upon this Court's federal question jurisdiction because Count I of Mr. Massung's Amended Complaint asserted violations of the FDCPA, a federal statute.

Navient also asserted that, pursuant to 28 U.S.C. § 1367(a), this Court had supplemental jurisdiction over the state law claims, violations of the UTPCPL and defamation.

Under the supplemental jurisdiction statute,

> **(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> **\*\*\***
>
> **(3)** the district court has dismissed all claims over which it has original jurisdiction

28 U.S.C.A. § 1367.   Here, because the Court has dismissed the FDCPA, the only claim over which it had original jurisdiction under 28 U.S.C. § 1331, the Court will decline to exercise supplemental jurisdiction over Mr. Massung's state law UTPCPL and defamation claims.

Accordingly, Mr. Massung's UTPCPL and defamation claims will be remanded to the Westmoreland County Court of Common Pleas.

IV.    Conclusion

For the reasons stated above,  Navient's Motion to Dismiss, as regards the Count I FDCPA claim, will be granted.  Any amendment to said claim will be deemed futile.  As regards the remaining state law claims, Counts II and III, the Court will decline supplemental jurisdiction and remand those claims to the Westmoreland County Court of Common Pleas.

A separate order will follow.

DATED this 26th day of April, 2024.

BY THE COURT:

MARILYN J. HORAN
United States District Judge